IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW COOPER, on his behalf and on behalf of those similarly situated, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-0005 |
| ETHIO EXPRESS SHUTTLE SERVICE, INC. d/b/a TEXANS SHUTTLE, | § § § § | |
| *Defendant*. | § § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
EMERGENCY MOTION FOR RELIEF FROM JUDGMENT**

**I. SUMMARY**

In early January 2005, Andrew Cooper ("Cooper") sued Ethio Express Shuttle Service, Inc. d/b/a Texans Shuttle ("Ethio") on behalf of himself and on behalf of those similarly situated for failing to properly pay overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). That same month, Ethio received Cooper's lawsuit, but did nothing.

In May, 2003 Cooper obtained a default judgment against Ethio. Cooper served Ethio with a writ of execution on the judgment in November 2006. Ethio did nothing. Cooper then obtained a writ of garnishment from the Court and garnished funds from Ethio's bank account in an amount sufficient to satisfy the default judgment.

Now, Ethio has finally sprung into action and complains to the Court that the default judgment Cooper obtained should be set aside. The grounds Ethio urges to the Court, however, are patently insufficient. The Court should, therefore, deny Ethio's motion for relief from judgment.

## II. Background

Cooper filed this lawsuit on January 3, 2005. (*See* Doc. 1). Although it admits being served with a copy of the lawsuit, Ethio never answered or otherwise appeared. (*See* Doc. 21). When Ethio failed to answer, Cooper obtained a judgment by default on May 10, 2005. (*See* Doc. 12). Thereafter, Cooper obtained a writ of execution on the judgment. (*See* Doc. 15).

The U.S. Marshal served Ethio with the writ of execution on November 20, 2006. (*See* Doc. 16). The writ, however, was returned *nulla bona*. (*See* Doc. 16). Cooper then obtained a writ of garnishment on January 8, 2007. (*See* Doc. 19). Cooper was successful in garnishing Ethio's bank account in full satisfaction of the default judgment.

Now, for the first time, Ethio is attempting to participate in this lawsuit. Ethio urges the Court to set aside the default judgment under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). (*See* Doc. 21). Ethio filed its motion with the Court on January 22, 2007 – a full year and eight months after the Court signed the default judgment. (*See* Doc. 21). As grounds for setting aside the default judgment, Ethio explains it received the lawsuit papers and forwarded them to its outside counsel but, evidently, its counsel failed to file any answer. (*See* Doc. 21). Beyond forwarding the relevant documents to its attorney, however, Ethio offers the Court nothing in the way of an explanation of what measures Ethio took to ensure that its attorney received the papers or that its attorney was otherwise handling the matter and protecting Ethio's interests.

## III. Argument and Authority

**A.     *Rule 60(b)(1) Relief is Time Barred***

Federal Rule of Civil Procedure 60(b)(1) permits relief from a default judgment for "mistake, inadvertence, surprise, or excusable neglect" on a motion made ***within one year of the judgment***.

*Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999)(emphasis added).  It is undisputed that the Court signed the default judgment on May 10, 2005.  It is, further, undisputed that Ethio did not move the court to set aside the judgment until a full twenty months after the judgment was signed.  Regardless of the merits of Ethio's excuse for failing to answer Cooper's complaint, Ethio cannot escape the fact that it filed its Rule 60(b)(1) motion well beyond the explicit time limit imposed by the rule.  Rule 60(b)(1) is unavailable to Ethio.

### B.     *Ethio Is Not Entitled To Relief Under Rule 60(b)(6)*

Ethio, alternatively, seeks relief from the Court under Rule 60(b)(6).  Subsections (1) and (6) of Rule 60(b) are mutually exclusive, and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6).  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 393, 113 S.Ct. 1489 (1993).  To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay.  *Id.*  If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable.  *Id.*

In order to establish that a party is faultless and, thus, eligible for relief under Rule 60(b)(6), that party must show that at least minimal internal procedural safeguards were in place and utilized to prevent the default.  *See*, *Baez v. S. S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975).  The "minimum procedural safeguards" discussed in *Baez* "relate to some system of checking up on process to see that it has in fact reached its destination and that action is being taken."  *Rogers*, 167 F.3d at 939.

In *Baez*, the defendant's registered agent and its home office possessed the lawsuit papers "in ample time to prevent its own injury." *Baez*, 518 F.2d at 350. After forwarding the papers to its outside counsel, however, the defendant failed to follow up with its counsel to ensure that the papers were received and that the lawsuit was answered. *Id.* The lawsuit papers were, in fact, lost in the mail. *Id.* The plaintiff took a default judgment and the defendant later attempted to have the judgment set aside under Rule 60(b)(6). *Id.* The defendant insisted that it was blameless because the U.S. Postal Service was responsible for losing the lawsuit papers. *Id.* The *Baez* court opined:

> But that ignores the fact that both Kresge's [the defendant] registered agent, and its home office, possessed the papers in ample time to prevent its own injury. The Postal Service, therefore, cannot be burdened with the full blame. We think rather minimal internal procedural safeguards could and should have been established which would have prevented this loss. Since Kresge's neglect was at least a partial cause, it must convince the Court that neglect was excusable before it can prevail.

*Id.*

A party is no less at fault when the failure to meet the filing deadline it attributable (in whole or in part) to that party's attorney. *Pioneer*, 507 U.S. at 396. A party voluntarily chooses its attorney as its representative in a given action and, thus, is held accountable for the acts and omissions of its chosen counsel. *Id.* at 397.

As was the case in *Baez*, Ethio's registered agent and its home office possessed the lawsuit papers in ample time to prevent a default. Ethio simply faxed the papers to its outside counsel and then proceeded to ignore the issue for over a year and-a- half. Under such circumstances, Ethio cannot be said to be faultless. *See*, *Id.* Neither can Ethio escape blame by shifting the responsibility for failing to answer to its attorney. Because it is at least partly to blame for allowing a default judgment to be taken, Ethio is foreclosed from obtaining relief under Rule 60(b)(6). *See*, *Id.*; *Pioneer*, 507 U.S. at 393.

## IV. Conclusion

Ethio has delayed more than a year from the date of judgment in this case seeking relief from the Court and, thus, is time barred from obtaining relief under Rule 60(b)(1). Further, because Ethio is at least partly to blame for this suit not being answered, Ethio may not obtain relief under Rule 60(b)(6). The Court should, therefore, deny Ethio's motion for relief from judgment.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/S/ Richard J. Burch**
By: _____
Richard J. Burch
S.D. Tex. No. 21615
Texas State Bar No. 24001807
*Attorney-In-Charge for Plaintiff*
1000 Louisiana Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

**CERTIFICATE OF SERVICE**

The foregoing instrument was served on all opposing parties in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Texas.

**/S/ Richard J. Burch**
_____
Richard J. Burch